IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| | * | Chapter 11 |
| FPI Liquidation Corp., | * | |
| | * | Case No. 11-10338 (RAG) |
| Debtor | * | |
| ********************************* | * | |
| Edward T. Gavin, as Trustee of the | * | |
| FPI Liquidating Trust | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Adversary No. 13-00007 |
| | * | |
| J. Michael Lane | * | |
| | * | |
| Defendant. | * | |

**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, TURNOVER OF PROPERTY OF THE ESTATE, AND OBJECTION TO CLAIMS**

Defendant, J. Michael Lane, by and through his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, hereby answers the Complaint filed by Plaintiff, Edward T. Gavin, as Trustee of the FPI Liquidating Trust.

**FIRST DEFENSE**

Defendant answers the numbered paragraphs of the Complaint as follows:

1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions regarding this Court's jurisdiction, therefore no answer is required.

2. The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions regarding this Court's venue, therefore no answer is required.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint, therefore they are denied.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, therefore they are denied

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information as to which agreements the Plaintiff is referring to and therefore denies the allegations contained in Paragraph 11 of the Complaint.  Defendant does admit that that he and the Debtor entered into several agreements during the course of the Defendant's employment with the Debtor.

12. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations contained in Paragraph 12.  Additionally, Defendant denies that he voluntarily resigned, but rather, was constructively terminated by the Debtor.

13. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations contained in Paragraph 13.

14. Defendant is without sufficient information as to which agreements and loans the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

21. Defendant incorporates by reference the responses to each of the numbered Paragraphs 1 through 20 as if fully set forth herein.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations in Paragraph 23.

24. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations in Paragraph 24.

25. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations in Paragraph 25.

26. Defendant is without sufficient information as to which agreements the Plaintiff is referring to or the particular terms of those agreements, and therefore, denies the allegations in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. 542)

28. Defendant incorporates by reference the responses to each of the numbered Paragraphs 1 through 28 as if fully set forth herein.

29. Paragraph 29 does not make any allegation and therefore no response is required. To the extent a response is required, the allegations are denied.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## THIRD CAUSE OF ACTION
### (OBJECTION TO CLAIM – DISALLOWANCE UNDER 502(D))

36. Defendant incorporates by reference the responses to each of the numbered Paragraphs 1 through 36 as if fully set forth herein.

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION
### (OBJECTION TO CLAIM – DISALLOWANCE UNDER 502(B))

41. Defendant incorporates by reference the responses to each of the numbered Paragraphs 1 through 41 as if fully set forth herein.

4

42. Paragraph 42 does not make any allegation and therefore no response is required.  To the extent a response is required, the allegations are denied.

43. Paragraph 43 of the Complaint sets forth a legal conclusion and therefore no response is required.  To the extent a response is required, the allegations are denied.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint except he admits that the Plaintiff is objecting to his proof of claim pursuant to 11 U.S.C. 502(b).

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part through Debtor's own breach of contract.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of set-off and/or recoupment of the amounts owed to Defendant by the Debtor as set forth in his proof of claims.

WHEREFORE, Defendant, J. Michael Lane, having fully answered the Complaint filed by Plaintiff, respectfully requests that the Court enter judgment in his favor, sustain the Defendant's proof of claims with interest, assess appropriate costs against the Plaintiff and provide for such additional and further relief as the Court deems just and appropriate.

                                  Respectfully submitted,

                                  SMITH, LEASE & GOLDSTEIN, LLC

By:        /s/
           David W. Lease, MD FED BAR NO.: 09426
           11 North Washington Street
           Suite 520
           Rockville, Maryland 20850
           Phone: (301) 838-8950
           Fax:   (301) 838-0322
           Email: dlease@slglaw.com

*Attorneys for the Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of February 2013, I caused a copy of the foregoing Answer to be served via ECF upon counsel of record:

Stephen B. Gerald, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven St. Paul Street
Baltimore, MD 21202

*Counsel for Plaintiff*

                                    /s/
                                David W. Lease

Z:\I-P\Lane.Michael\Answer to Complaint.doc